IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIM SAMMONS, *individually and as the Executrix of the Estate of Eric Sammons*,

           Plaintiff,

v.                                      CIVIL ACTION NO.   2:23-cv-00236

JAMES ARMSTRONG, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Emergency Motion for Stay and/or Entry of Protective Order* (Document 86), the *Memorandum of Law in Support of Plaintiffs' Emergency Motion for Stay and/or Entry of Protective Order* (Document 87), the *Defendants James Armstrong and Armstrong Trucking 1, LLC's Response in Opposition to Plaintiff's Emergency Motion for Stay and/or Entry of Protective Order* (Document 89), and *EMA Express, LLC's Response in Opposition to Plaintiff's Emergency Motion for Stay and/or Entry of Protective Order* (Document 90), as well as all attached exhibits.

The Plaintiff, Kim Sammons, individually and as the Executrix of the Estate of her late husband Eric Sammons, seeks to stay discovery in this matter "pending the outcome of the parallel declaratory judgment action filed by Defendant EMA Express, LLC's, insurance carrier, Canal Insurance."   (Mot. for Stay at 1; *see generally Canal Insur. Co. v. Sammons et al.*, Case No. 2:23-cv-737.)   In support, she contends "the pending declaratory judgment action will be dispositive

of available insurance coverage for Defenant [sic] EMA Express, LLC," and may also be dispositive of available coverage for the remaining Defendants, James Armstrong and Armstrong Trucking 1, LLC ("Armstrong Trucking").  (Mot. for Stay at 1.)  Because such "coverage determinations will directly impact Plaintiffs' ability to recover in this matter," and the "Plaintiffs have no intent to pursue this action further in the absence of available coverage," Ms. Sammons urges the Court to stay this matter or enter a protective order restricting discovery pending the outcome of the declaratory judgment action.  (Mem. in Supp. of Mot. for Stay at 2–4.)  She further notes that the Scheduling Order in the declaratory judgment action "runs only slightly behind" the Scheduling Order in this matter (*id.* at 4), and thus "the coverage determination is not likely to be final until such time as all discovery in the present matter [has] been fully exhausted" (*id.* at 3).  Accordingly, she argues that a stay is in the interest of judicial economy, that she will suffer hardship if the action is not stayed due to the potential of unnecessary expenditures of time and resources, and that the Defendants will not suffer any prejudice.  (*See id.* at 3–4.)

      The Defendants oppose the motion.  The Armstrong Defendants contend that, short of a commitment from the Plaintiff to dismiss this action in the event of an adverse ruling in the declaratory judgment action, "a stay of this civil action pending a ruling in the [declaratory judgment action] amounts to nothing more than an unwarranted delay during which time critical witnesses and evidence could be lost to the prejudice of the defendants."  (Armstrong Defs.' Resp. at 2.)  They further note that the declaratory judgment action was filed on November 14, 2023, and the parties have been actively litigating the instant matter in the months since then.  Defendant EMA joins in the Armstrong Defendants' response.  It adds that witness "memories may be adversely affected by the passage of time" if a stay is granted.  (EMA Resp. at 1.)  EMA further

asserts that the Plaintiff's arguments in support of a stay appear to contradict her arguments in response to EMA's motion for summary judgment, wherein she asserted that further discovery was necessary to properly adjudicate the claims she asserted against EMA. (*See id.* at 1–2; *see also* Pl.'s Resp. in Opp. to EMA Mot. for Summ. J. (Document 81).) The Defendants urge the Court to deny the motion for a stay.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (internal citation omitted). "In making this determination, the district court has broad discretion." *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. CV 3:15-14887, 2018 WL 11412001, at *1 (S.D.W. Va. Apr. 30, 2018) (Chambers, J.) (citing *Hickey v. Baxter*, 833 F.2d 1005, at *1 (4th Cir. 1987) (unpublished opinion)).

"Even with the court's broad discretion, however, '[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Id.* (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). In determining whether the movant has met this burden, the Court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013) (Goodwin, J.) (internal quotation and citation omitted).

Here, a review of the docket reveals that the parties have been actively litigating this matter in the months since the initiation of the related declaratory judgment action. This includes both discovery and motions practice. In addition, following the filing of the instant motion for a stay, the parties stipulated to extend several discovery deadlines (Documents 88, 91, 95) and jointly moved to modify the Scheduling Order (Document 99) to continue the remaining discovery and dispositive motions deadlines in this matter by thirty days, which the Court granted (Document 105). The Court further notes that the Plaintiff insurance company recently moved for judgment on the pleadings in the declaratory judgment action (Case No. 2:23-cv-737, Document 24), and the parties have jointly stipulated to a two-week extension of Ms. Sammons's deadline to respond to that motion (*Id.*, Document 25). In light of these developments, the Court finds that the interests of judicial economy do not weigh in favor of a stay, and that the Plaintiff has not established clear and convincing circumstances which outweigh the potential harm to the Defendants if a stay is granted pending the outcome of the related declaratory judgment action.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiffs' Emergency Motion for Stay and/or Entry of Protective Order* (Document 86) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 21, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA